Case 2:16-cv-00022 Document 20 Filed in TXSD on 11/15/16 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS DUANE MERRERO PELLECIER, | § § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL NO. 2:16-CV-22 |
| | § | |
| UNITED STATES ATTORNEY GENERAL, | § § § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID) and currently is incarcerated at the Huntsville Unit in Huntsville, Texas. Proceeding *pro se*, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on January 19, 2016 (D.E. 1).[1] Petitioner claims that he is entitled to credit on his federal sentence for time he has spent in state custody. Respondent filed a motion to dismiss on June 27, 2016 to which Petitioner responded on August 24, 2016 (D.E. 12, 19). For the reasons set forth below, it is recommended that Respondent's motion be granted and Petitioner's habeas corpus petition be dismissed without prejudice for want of jurisdiction.

---

[1] Generally, a prisoner petition is considered filed when it is placed in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases. Petitioner did not state when he placed his petition in the prison mail system (D.E. 1 at p. 9). Accordingly, his petition is considered filed as of the date it was received in the Clerk's office.

## JURISDICTION

This court has jurisdiction over this action filed pursuant to 28 U.S.C. § 2241 because at the time he filed it, Petitioner was incarcerated at the Garza West Unit in Beeville, Bee County, Texas, located in the Corpus Christi Division of the Southern District of Texas. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (Section 2241 petition must be filed in the district of incarceration); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990)(to entertain § 2241 petition, district court must have jurisdiction over the prisoner or his custodian at the time the petition is filed); 28 U.S.C. § 1331.

## BACKGROUND

On October 20, 2013 Petitioner was arrested in Bexar County, Texas and charged with one count of being a felon in possession of a firearm (Case no. 2014CR3989B), one count of theft of a firearm (Case no. 2014CR4009) and one count of possession with intent to deliver a controlled substance (Case no. 2014CR0237). Plaintiff was released on bond the same day (Attachments 1-3 to Decl. of Dawn Giddings, D.E. 12-1 at pp. 2-21). All three counts were filed under magistrate complaint number NM205101 (Giddings Decl., D.E. 12-1 at p. 4).

Prior to his arrest on the state firearms and drug charges, Petitioner had been serving a five-year term of supervised release for a 2009 federal conviction for possession with intent to distribute methamphetamine (Att. 4 to Giddings Decl., D.E. 12-1 at p. 23). On October 28, 2013 Petitioner's probation officer recommended that Petitioner's supervised release be revoked for noncompliance with the terms of release

(*Id.* at p. 24).  An arrest warrant was issued on October 30, 2013 (Att. 7 to Giddings Decl., D.E. 12-1 at p. 38).

On December 3, 2013 Petitioner was arrested by local law enforcement in Bexar County, Texas and charged with two counts of possession with intent to deliver a controlled substance (Case nos. 2014CR3034 and 2014CR3035) (Atts. 5 and 6 to Giddings Decl., D.E. 12-1 at pp. 28-36).  On December 30, while in state custody, Petitioner was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum.  He was released back into state custody the same day (Atts. 7 and 8 to Giddings Decl., D.E. 12-1 at pp. 37-43).

On January 23, 2014, Petitioner again was taken into federal custody via a writ and appeared in the San Antonio Division of the United States District Court for the Western District of Texas.  His term of supervised release was revoked and he was sentenced to a term of incarceration for eighteen months, to "follow consecutive to the sentence imposed in Cause No. NM 205101 now pending before the Bexar County District Court for a felony offense occurring on October 20, 2013."  Petitioner was returned to the Bexar County jail the same day (Atts. 8 and 9 to Giddings Decl., D.E. 12-1 at pp. 39-45).

On June 27, 2014 Petitioner was sentenced in the Bexar County Court to a twelve-year term of imprisonment in Case nos. 2014CR0237, 2014CR3034, and 2014CR3035 and was given credit for all the time he had spent in custody (Atts. 3, 5-6 to Giddings Decl., D.E. 12-1 at pp. 17-21, 27-36).  Case no. 2014CR0237 was from the October 20, 2013 arrest and was filed under magistrate complaint number NM205101.  The charges

in Case nos. 2014CR3989B and 2014CR4009, also from the October 20, 2013 arrest and part of magistrate complaint number NM205101, were dismissed (Atts. 1 and 2 to Giddings Decl., D.E. 9-16).

Petitioner argues that the federal sentence is being calculated incorrectly because the federal court only intended his federal sentence to run consecutively to Cause No. NM205101 which was dismissed six months after the federal sentence was imposed. Petitioner asserts that because he never was sentenced in NM205101, his federal sentence began on the day it was imposed. He seeks a nunc pro tunc order that his eighteen-month federal sentence began to run on January 23, 2014 and has been discharged. Petitioner also claims that the federal authorities never relinquished custody of him, meaning his federal sentence began when it was imposed. Finally, Petitioner contends that the federal court was without authority to order his sentence to run consecutively to pending unindicted state complaints.

In his motion to dismiss, Respondent argues that Petitioner's claim is not ripe. Respondent further argues that even if the claim were ripe, Petitioner is not entitled to relief because the federal court intended the federal sentence to run consecutively to the state sentence and had authority to impose such a sentence.

## APPLICABLE LAW

A district court is without authority to give an inmate credit for time already served or to otherwise administer his sentence. Rather, that authority lies with the United States Attorney General and is delegated to the BOP. *United States v. Wilson*, 503 U.S. 229, 335 (1992); *United States v. Pineyro*, 112 F.3d 43, 45 (2nd Cir. 1997). Decisions of

the BOP regarding sentence calculation are subject to judicial review under an abuse of discretion standard. *Barden v. Keohane*, 921 F.2d 476, 478 (5th Cir. 1990); *McCarthy v. Doe*, 146 F.3d 118, 123, n. 4 (2nd Cir. 1998).

A petitioner cannot challenge a decision of the BOP until the BOP has made a final decision with respect to his request for a nunc pro tunc designation. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). An unripe claim should be dismissed for lack of jurisdiction. *Id.*

In this case, Petitioner claims that he filed a request for a nunc pro tunc designation with the Central Office of the BOP in January 2015 but never received a response. Petitioner states that he next made a similar request to the United States Marshal's Office and the BOP on October 27, 2015. He also claims that he contacted the sentencing court and that his request for relief was denied without prejudice pending exhaustion of administrative remedies (D.E. 1 at pp. 2, 3, 6). In response to the motion to dismiss, Petitioner stated that the sentencing court advised him to file a §2241 petition in this court.

A BOP representative stated that the BOP does not have a record of Petitioner having submitted a request for a nunc pro tunc designation (Giddings Decl., D.E. 12-1 at pp. 3-4). Assuming that Petitioner did submit a request for a nunc pro tunc designation to the BOP, it is possible that the BOP never received the request or did receive and mishandle it. Nevertheless, without a decision by the BOP, Petitioner's cause of action is not ripe and this court does not have jurisdiction over it. Accordingly, Petitioner's cause of action should be dismissed without prejudice.

Respondent asserts that in the alternative, Petitioner's cause of action should be denied on the merits. The sentencing court stated that the eighteen-month sentence was to "follow consecutive to the sentence imposed in Cause No. NM 205101." Respondent contends that the twelve-year sentence Petitioner currently is serving was imposed for Case no. 2014CR0237, one of the offenses included in Cause Number NM205101, while Petitioner asserts that Cause Number NM205101 was dismissed. Records submitted by Respondent show that Petitioner was sentenced to twelve years for Case no. 2014CR0237 which was part of magistrate complaint filed under the number NM205101 (Att. 3 to Giddings Decl., D.E. 12-1 at pp. 18-21). Accordingly, the records support Respondent's contention that the sentencing court intended that Plaintiff's federal sentence would not begin until the twelve-year state court sentence was satisfied.

Nevertheless, to deny Petitioner's claim on the merits would run afoul of the holding in *Pierce*, which made clear that unexhausted sentence calculation claims should be dismissed for lack of jurisdiction. Thus, the district court does not have jurisdiction to rule on the merits of an unripe habeas request. *Pierce*, 614 F.3d at 160.

## **RECOMMENDATION**

It is respectfully recommended that Respondent's motion to dismiss (D.E. 12) be GRANTED. Petitioner's application for habeas corpus relief should be dismissed without prejudice because it is not ripe for adjudication.

Respectfully submitted this 15th day of November, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).